UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| —————————————————— )<br>DMO METHUEN, LLC d/b/a DAN )<br>O'BRIEN CHRYSLER DODGE )<br>JEEP RAM, )<br> )<br>     Plaintiff, )<br> )<br>          v. )<br> )<br>FCA US, LLC, RYAN MORRIS, )<br>and VINCENT ANDRADE, )<br> )<br>     Defendants )<br>—————————————————— ) | Civil Action No. 23-10724-GAO |

ORDER ON DEFENDANT'S MOTION TO COMPEL
OR ALTERNATIVELY FOR A NEGATIVE INFERENCE
[Docket No. 130]

April 8, 2025

Boal, M.J.

Defendant FCA US, LLC has moved to compel plaintiff DMO Methuen d/b/a Dan

O'Brien Chrysler Dodge Jeep RAM ("DMO") to produce certain documents and fully respond to

certain interrogatories. Docket No. 130.[1] After careful consideration of the parties'

submissions, as well as the arguments made at the April 2, 2025, hearing, I rule as follows.

*RFP No. 4.* Request 4 seeks documents and communications relating to Vincent

Andrade, including his personnel file, and any information that was included with his job

application and compensation package. Docket No. 131-2 at 10. I find that Andrade's personnel

file is generally relevant and discoverable. DMO shall produce Andrade's personnel file,

---

[1] On May 26, 2023, Judge O'Toole referred this case to the undersigned for full pretrial
management, and report and recommendation on dispositive motions. Docket No. 35.

excluding information about his benefits, as well as his job application and compensation package. Those documents must be produced within one week of the date of this order.

*RFP Nos. 39, 58.* Request 39 seeks financial documents from DMO. Id. at 13-14. Request 58 seeks documents and communications between representatives of DMO's floor plan lender or bank – which has been identified as Bank of America – and DMO regarding the 2022 Asset Purchase Agreement, DMO's net working capital, net worth, wholesale credit, and retail financing. Id. at 16. I find that the financial documents are relevant to the termination of the parties' relationship. I also find that the Bank of America-related documents and communications are relevant to both the termination of the parties' relationship and to the claims that FCA thwarted DMO's sale of its assets. DMO shall produce documents responsive to RFP Nos. 39 and 58 within two weeks of the date of this order.

*RFP Nos. 43, 78, 79, 80, 112, 113, 114, 115, 117, 118, 119, 120.* These requests seek documents and communications relating to many lawsuits and regulatory investigations involving or implicating DMO's owner, Dan O'Brien, and other dealerships he owned. Docket No. 131 at 15. These requests, however, are too broad and unduly burdensome relative to the needs of the case and are therefore denied on that basis.

*RFP No. 98.* Request 98 seeks all non-privileged documents and communications relating to the parties' settlement agreement. Docket No. 131-2 at 20. Within two weeks, DMO must complete its review of documents that are responsive to this request and either produce such documents or provide a privilege log for those withheld.

*RFP No. 48; Interrogatory No. 5.* Request 48 seeks all security video footage from the delivery area at DMO during the dates and times that Ryan Morris entered into the FCA computer system, as referenced in paragraph 64 of the Complaint. Id. at 14-15. Furthermore, to

the extent any video footage was destroyed, the request seeks all records of destruction of said video footage, including the dates the footage was destroyed.  Id.  In addition, to the extent that DMO has destroyed any of the subject security video footage, interrogatory 5 seeks a description of the circumstances surrounding the choice to destroy that video footage, the facts and circumstances surrounding the actual destruction of that video footage, and the names of each individual who was involved.  Docket No. 146 at 21.  While DMO asserts that it timely preserved and produced "all of the relevant video footage that was available," Docket No. 146 at 5, other DMO statements appear to contradict this assertion.  See Docket No. 1-5 at 9 ("DMO representatives then showed Mr. Morris all of the video footage which established that the parts were not delivered on the dates and times that Mr. Morris had entered into the FCA computer system."); Docket No. 131-7 at 2 ("My client is in the process of reviewing security footage and thus far has been unable to witness the delivery of any of parts listed on the attachment to this letter.").  Nevertheless, DMO has produced only video footage from August 12-13, 2021.  Accordingly, to resolve the motion with respect to these requests, instead of providing answers, I direct DMO to designate a representative for a 30(b)(6) deposition on the topics described in these discovery requests.  The deposition, which must take place within two weeks of the date of this order, should last no more than one hour.

     So Ordered.

                          /s/ Jennifer C. Boal
                         JENNIFER C. BOAL
                         U.S. MAGISTRATE JUDGE