UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DMO METHUEN, LLC d/b/a DAN O'BRIEN CHRYSLER DODGE JEEP RAM,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC, RYAN MORRIS, and VINCENT ANDRADE,<br><br>Defendants. | Civil Action No. 23-10724-GAO |

ORDER ON PLAINTIFF'S MOTION TO COMPEL
[Docket No. 118]

April 23, 2025

Boal, M.J.

Plaintiff DMO Methuen d/b/a Dan O'Brien Chrysler Dodge Jeep RAM ("DMO") has moved to compel defendant FCA US, LLC to produce certain documents and fully respond to certain interrogatories. Docket No. 118.[1] After careful consideration of the parties' submissions, as well as the arguments made at the April 2, 2025, hearing, I rule as follows.

*Interrogatory Nos. 6, 14, 19 and RFP No. 17.* Based upon the representations made at the April 2, 2025, hearing, the motion to compel is denied as moot as to these requests.

*Interrogatory No. 2.* This interrogatory requests that FCA identify all persons with knowledge of the facts and circumstances outlined in the Complaint and FCA's Second

---

[1] On May 26, 2023, Judge O'Toole referred this case to the undersigned for full pretrial management, and report and recommendation on dispositive motions. Docket No. 35.

1

Amended Counterclaim and describe the facts of which they have knowledge. Docket No. 119-1 at 6. On October 31, 2024, FCA provided a list of fifteen individuals, but no specific description of their knowledge. Docket No. 119-1 at 6-8. The individuals were current or former DMO employees, current or former FCA employees, and a prospective purchaser of DMO's dealership. After taking depositions of key witnesses, on January 30, 2025,[2] DMO moved to compel information about each identified person's knowledge. Docket No. 118. In its moving papers, however, DMO focused on the harm caused by FCA not providing this information for its current and former employees. Docket No. 119 at 4-5. For that reason, and given the timing of the motion to compel, this Court will order FCA to provide only a description of the relevant knowledge possessed by its current or former employees.

*Interrogatory No. 10.* This interrogatory asks FCA to identify each VIN that was part of the warranty fraud for whom a customer could not be reached or located for the purposes of making a disclosure about the warranty fraud. Docket No. 119-1 at 13. Since the filing of DMO's motion, FCA provided a spreadsheet in response. At oral argument, DMO made certain complaints about the spreadsheet. In response to those complaints, FCA must provide a copy of the spreadsheet in native format and with initials for each customer.

*Interrogatory No. 12.* This interrogatory asks FCA to identify all persons at FCA responsible for ensuring that removed air bags are returned to FCA. Id. at 14. FCA's response stated that it incorporated by reference documents produced or to be produced in this litigation regarding the instructions and processes to return recalled airbag parts to FCA. Id. at 14-15. At oral argument, it responded that the answer to this request involved information from or in the possession of third parties. Id. FCA must provide its response in an interrogatory answer, as

---

[2] At that time, discovery was scheduled to end on February 14, 2025. See Docket Nos. 116, 117.

well as any information that it has in its custody, possession, or control about the identities of those third parties.

*Interrogatory No. 13.* This interrogatory asks FCA to identify all persons at Aero Global who made parts deliveries to DMO Methuen from January 1, 2021, through October 1, 2021. Id. at 15. At oral argument, FCA represented that it had obtained a spreadsheet from Aero Global showing relevant information about Aero Global's employees. It need do no more.

*Interrogatory No. 17.* This interrogatory asks FCA to identify and provide information about all vehicles by VIN that were involved in the fraud and are presently registered in the United States or are otherwise legal to operate on the public roads of the United States. Id. at 17. At oral argument, FCA explained the steps it took to determine if the subject vehicles were still on the road. FCA must provide that information in the form of an interrogatory response.

*RFP No. 2.* This request seeks all documents and communications concerning the allegations in the Complaint. Docket No. 119-3 at 5. In its motion to compel, DMO asserts that this request is inclusive of five sub-categories of later-identified requests. Docket No. 119 at 6-10. FCA asserts that it provided information for sub-categories one, two, and four, either before or after DMO filed the instant motion. Docket No. 139 at 7, 9. In its reply brief, DMO did not identify any deficiencies with the information provided after the motion was filed, namely for sub-categories one and two. Docket No. 145. In addition, this Court finds that the initial request and the remaining sub-categories are overbroad. Therefore, the motion to compel is denied as to this request.

*RFP No. 3.* This request seeks all documents and communications concerning FCA's Second Amended Counterclaims. Docket No. 119-3 at 5. This request is overbroad and is therefore denied on that basis.

*RFP No. 10.*  This request seeks all documents and communications between FCA and all persons whose vehicles were involved in the purported warranty fraud at DMO Methuen.  Id. at 8.  FCA asserts that it already has provided this information.  Docket No. 139 at 12.  DMO did not identify any deficiencies in its reply brief.  Docket No. 145.  Therefore, the motion to compel is denied as to this request.

*RFP Nos. 14, 15 and 18.*  I find that FCA's responses to these requests are sufficient.  Therefore, the motion to compel is denied as to these requests on that basis.

*RFP No. 33.*  This request seeks all documents and communications with the National Highway Traffic Safety Administration ("NHTSA") concerning the 2,688 warranty and recall repair orders at issue in the Complaint and FCA's Second Amended Counterclaims.  Docket No. 119-3 at 19.  In its motion, DMO also asserts that it seeks "records from FCA as to what was reported to NHTSA concerning [a] trailer hitch recall fraud at the other Massachusetts FCA dealership as well as DMO's recall fraud."  Docket No. 119 at 16.  However, the trailer hitch request is new and not covered by the original request.  It is therefore denied on that basis.  Regarding the initial request, DMO asserts in its reply brief that FCA provided a heavily redacted production five days after filing the opposition to the instant motion.  Docket No. 145 at 4.  DMO requests that this Court perform an in camera review of that production.  Id.  In general, redactions of otherwise responsive documents are improper.  See, e.g., Sexual Minorites of Uganda v. Lively, No. 3:12-30051-MAP, 2015 WL 4750931, at * 4 (D. Mass. Aug. 10, 2015).  FCA must justify the redactions and address DMO's request for in camera review.  DMO must respond within one week thereafter.

Accordingly, this Court grants in part and denies in part DMO's motion.  On April 11, 2025, DMO's counsel filed a motion to withdraw and indicated that new counsel would enter an

4

appearance in the near future. Within two weeks of any such appearance, FCA must provide responses in accordance with this ruling. DMO's request for fees is denied.

    So Ordered.

                                           /s/ Jennifer C. Boal
                                           JENNIFER C. BOAL
                                           U.S. MAGISTRATE JUDGE